# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 13** |
| | ) | |
| **LEROY & MARY JANE MULL,** | ) | **Case No. 12-71486** |
| | ) | |
| **Debtors.** | ) | |

## MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO REOPEN CASE

The matter before the Court is a "motion to reopen" a dismissed Chapter 13 case. For the reasons set forth below, the Court denies the motion.

### FINDINGS OF FACT

Leroy and Mary Jane Mull filed Chapter 13 on August 10, 2012. On December 12, 2012 the Debtors, through counsel, along with the Chapter 13 Trustee, appeared at a hearing on confirmation of the Debtors' Chapter 13 plan. At the hearing, the Court denied confirmation of the Debtors' Chapter 13 plan and granted leave to file an amended plan within fourteen days of the date of the order denying confirmation. The Court entered Debtors' consent order denying confirmation with leave to amend within fourteen days of the date of the order.[1] The order was dated and entered on December 20, 2012. The Debtors did not amend the plan, nor move to extend the deadline, within fourteen days of December 20, 2012. On January 14, 2013, the Court entered an order dismissing Debtors' case because no amended plan had been filed by Debtors. On January 15, 2013, Debtors filed an amended plan, and filed a pleading that they docketed as a "motion to reopen." The pleading attached to the docket was not a motion to reopen but instead was a "motion for request of additional time."[2] On January 16, 2013, the Court issued an order of deficiency because Debtors had *docketed* said motion as a motion to reopen, but failed to attach a motion to reopen; instead Debtors attached a motion "for request for additional time." Pursuant to the deficiency order, the

---
[1] The order was prepared by counsel for the Debtors and is endorsed with the consent of the Chapter 13 Trustee.
[2] Docket No 28.

Debtors had fourteen days to cure the deficiencies specified or the motion would be dismissed. Fifteen days later, on January 31, 2013, Debtors filed a motion to reopen case. They cited as the basis for reopening that they initially drafted a modified plan that provided for the stripping of a wholly unsecured second deed of trust because no equity existed to secure the deed of trust, yet subsequently prepared a revised modified plan that provided for the creditor as unsecured because it had not recorded of deed of trust in the appropriate land records. The debtors cited no other grounds and cited as authority 11 U.S.C. § 1307(c)[3] as allowing reopening.

## CONCLUSIONS OF LAW

The closing and reopening of a case in bankruptcy is governed by Bankruptcy Rule 5010 and Bankruptcy Code section 350. Section 350 states that a case is to be closed after the estate has been fully administered and the Court has dismissed the trustee. A review of the docket reveals that the case has not been fully administered, the trustee has not been dismissed, and the Court has not entered an order closing the Debtors' bankruptcy case. As the case has not been closed, there is no need to reopen.[4] Furthermore, the weight of authority dictates that section 350 does not permit a court to "reopen" a case that has been dismissed, but not closed.[5] Therefore, the Debtors' motion to reopen is untimely and procedurally improper at this stage of the case.[6]

---

[3] 11 U.S.C. § 1307(c) provides that the court may, for cause, dismiss or convert a case whichever is in the best interest of creditors.

[4] There is a functional and technical difference in bankruptcy between a case being closed and a case being dismissed. This case does not involve the former, but rather the latter. *See In re Singleton,* 358 B.R. 253, 257 (D. S.C. 2006); *In re Archer*, 264 B.R. 165, 168 (Bankr. E.D.Va. 2001).

[5] *See In re Archer*, 264 B.R. 165 (Bankr. E.D. Va. 2001) and cases cited therein; *contra In re Ross*, 278 B.R. 269 (Bankr. M.D. Ga 2001) (dismissed case may be reopened but only after trustee has filed his final report).

[6] Even if Debtors' motion was timely and procedurally proper, the motion fails to show how reopening this case would allow for the administering of assets, accord relief to the Debtors, or provide cause sufficient to reopen. 11 U.S.C. § 350(b). Specifically, the debtors' are not limited to this forum to pursue remedies against an unperfected secured creditor, and are not limited from filing a new bankruptcy case should they chose to pursue bankruptcy relief. Moreover, the Debtors' amended plan, filed after the dismissal order, proposes a 0% distribution to unsecured creditors. Furthermore, even if the Court granted Debtors' motion, the case would remain dismissed, unless and until Debtors moved to vacate the dismissal order under Bankruptcy Rule 9024. 11 U.S.C. § 349; *see Tsafaroff v. Taylor (In re*

Although Debtors' motion to reopen is not proper at this stage, the Court may look at the substance of the motion and consider such motion as a motion to vacate the Court's dismissal order under Bankruptcy Rule 9024. Bankruptcy Rule 9024 supplies the Court with the authority to vacate an order, so long as the motion is filed timely and states sufficient grounds for vacating the order. In this case, the motion would be considered timely as it has been filed within a reasonable time and within one year of the entry of the order. Debtors' motion, however, fails to provide any justification sufficient to vacate the order under Rule 9024. *See* FED. R. CIV. PRO. RULE 60(a) and (b). Specifically, the only basis cited by the Debtors is that the Debtors have an alternate theory or ground to treat a creditor as unsecured. The Debtors have provided no support for how these facts permit rescinding the order of dismissal.[7] As such, even if the Court were to consider Debtors' motion on its substance, rather than form, the Court would still conclude that such motion is not proper.

The Debtors' motion filed on January 15, 2013 is dismissed by the terms of the deficiency order.[8] For the reasons set forth above, Debtors' motion filed on January 31, 2013 is denied. A separate order will be issued denying the motion to reopen case.

---

*Taylor),* 884 F.2d 478 (9th Cir. 1989) (court retains jurisdiction to interpret orders or dispose of ancillary matters, but not to grant new relief independent of prior matters); *Singleton,* 358 B.R. at 257.

[7] Rule 60(b)(1) and (6) furnish certain reasons to grant relief from an order that could be applicable here: mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. Yet none of these criteria have been shown as present in this case. The debtor has not shown the presence of the kind of "mistake" contemplated by Rule 60. A mistake resulting from an error in judgment is typically not the kind of "mistake" envisioned by Rule 60(b)(1). *Puckett v. Beaver (In re Beaver)*, 79 B.R. 706 (Bankr. S.D. Ohio 1987 (citations omitted)). The Debtors have not shown that if the mistake had not been made, it would have changed the court's ruling. *See In re Noble*, 202 WL 31778056 (Bankr. S.D. Tex. 2002) (post deadline curing of defaults is not grounds for relief under Rule 60). The Debtors have not shown the Court's dismissal order was the result of inadvertence by the Court. Nor can the Debtors show that the entry of an order dismissing a case pursuant to the terms of an order prepared by Debtors would be a surprise. The Debtors have not cited how the neglect of the Court's deadline is excusable. Finally, the Debtors have not articulated extraordinary or exceptional circumstances to justify the rescission. *Clayton v. Ameriquest Mort. Co.* 331 B.R. 238, 242 (M.D. N.C. 2005) ("the material offered in support of Rule 60(b)(6) must be highly convincing").

[8] *See* docket number 29, Order dated January 16, 2013 providing for 14 days, or by January 30, 2013, to remedy the deficiency absent which, by terms of the order, the motion was dismissed.

3

Copies of this Memorandum Decision shall be sent: to the debtors, Leroy and Mary Jane Mull, 698 Greenhouse Road, Glade Hill, VA 24092; counsel for the debtors, Shirley B. Jamison, P.O. Box 221, Boones Mill, VA 24065; and the Chapter 13 Trustee, Christopher T. Micale, P.O. Box 1001, Roanoke, VA 24005.

February 5, 2013

                                                            Rebecca B. Connelly
                                                            U. S. Bankruptcy Judge

4